# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ATRELLA R. REYNOLDS, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-415-GPM |
| DIVISION OF AERONAUTICS, A Unit of the Illinois Department of Transportation, SUSAN SHEA, TERRISA LASHMETT, JAMES F. DEVEREUX, and VICKIE STOUT, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendants move to dismiss Plaintiff's *pro se* complaint for a variety of reasons, including lack of federal subject matter jurisdiction, failure to make specific allegations against the named defendants, and improper venue (*see* Doc. 14).

There is nothing to Defendants' argument that the Court lacks federal subject matter jurisdiction. Although the complaint fails to identify the citizenship of each defendant listed in the caption and only alleges that the amount in controversy exceeds $10,000, exclusive of interest and costs, the complaint plainly sets forth a claim arising under the Family Medical Leave Act, 29 U.S.C. § 2601- 2654 ("FLMA") (*see* Doc. 1, paras. 6, 9-10). The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Venue also appears to be proper in this district, *see* 28 U.S.C. § 1391(b), although the question of whether it is convenient for the parties and the witnesses is another question, *see* 28

U.S.C. § 1404(a), which, as discussed below, the Court need not answer. It appears that there is no connection to this district in the complaint, other than the fact that the plaintiff currently lives in East St. Louis. The complaint alleges that "Defendant is the State of Illinois with central operations located in Sangamon County, Illinois," a part of the Central District of Illinois, *see* 28 U.S.C. § 93(b). Plaintiff further alleges that she and "Defendant" were engaged in an employer/employee relationship in Springfield, Illinois, which is located in Sangamon County. According to the individual defendants, each of them lives and works in the Central District of Illinois, and that is where the claim arose.

But the Court sees a much greater problem with Plaintiff's claim. Defendants are correct that Plaintiff has made no specific allegations against any individual defendant. The complaint repeatedly refers to "Defendant" in the singular sense (*see* Doc. 1, paras. 2, 4, 7, 11, and prayer for relief). If Plaintiff was, as she has alleged, an employee of the State of Illinois, then her claim is against the State of Illinois and no one else. (*See* 29 U.S.C. § 2617(a)(2) "An action to recover [] damages or equitable relief . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees.") The complaint compels the conclusion that Plaintiff was employed by the State of Illinois, not by any individual defendant or the "Division of Aeronautics, A unit of the Illinois Department of Transportation ("IDOT")," as set forth in the caption.

The State of Illinois is the only proper defendant here, and Plaintiff's claim for money damages against it is barred by the doctrine of sovereign immunity. *Toeller v. Wisconsin Dept. Of Corrections*, 461 F.3d 871 (7th Cir. 2006). In *Toeller*, the Seventh Circuit held that Congress did not

validly abrogate state sovereign immunity when it enacted the FMLA's "self-care" provision.[1] Thus, the State of Illinois is absolutely immune from this suit for money damages.

Accordingly, Defendants' motion (Doc. 14) is **GRANTED**, and this action is **DISMISSED on the merits.** The Clerk is **DIRECTED** to enter judgment accordingly. The parties shall bear their own costs.

**IT IS SO ORDERED.**

DATED: 10/15/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge

---

[1] Plaintiff's claim, although not designated as such in her *pro se* complaint, falls under the "self-care" provision of the FMLA, 29 U.S.C. § 2612(d), because Plaintiff alleges that she "experienced health problems which where [sic] the result of an employment related incident and required Plaintiff to use allotted sick days resulting in absences away from employer's place of business." (*See* Doc. 1, para. 5). There is no mention of any family members anywhere in the complaint, making subsections (a), (b), and (c) inapplicable. Subsection (d), the "self-care" provision, protects an employee's right to take leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. 1612(d).